UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL HAGOS, *et al*.,

    Plaintiffs,

v.

WASHINGTON MUTUAL BANK, *et al*.,

    Defendants.

Case No. 2:12-CV-00587-KJD-GWF

**ORDER**

    Before the Court is Plaintiffs' Motion for Reconsideration (#25). Defendants have filed a response (#26) to the Motion.

I. Background

    On September 20, 2012, the Court granted Defendants' Motion for Judgment on the Pleadings (#14). The Court noted that this action was the fourth legal proceeding related to foreclosure of the real property located at 6659 Catocin Avenue, Las Vegas, Nevada ("the Property"). The Court also noted that the three previous proceedings were properly dismissed and that Plaintiffs failed to file points and authorities in opposition to the Motion for Judgment on the Pleadings. Accordingly, the Court granted judgment in favor of Defendants.

II. Discussion

      A. Legal Standard for Reconsideration

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Rule 60(b). School Dist. No. 1J Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied 512 U.S. 1236 (1994). Because Plaintiffs filed their Motion within 28 days of the Court's Order, the Motion is considered under Rule 59(e). However, the standards governing reconsideration are the same under either rule. The Court may grant relief for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b)

The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for

2

1  reconsideration in which the plaintiff presented no arguments that were not already raised in his
2  original motion). "Motions for reconsideration are not the proper vehicles for rehashing old
3  arguments, and are not intended to give an unhappy litigant one additional chance to sway the judge."
4  Retired Independent Guards Ass'n of Nevada v. Board of Trustees, Independent Guards Ass'n of
5  Nevada-Wackenhut Services, Inc. Pension Trust Fund, 2012 WL 1900938, *1 D.Nev. 2012)
6  (internal quotations and citations omitted).

7      Plaintiffs are representing themselves pro se.  Courts must liberally construe the pleadings of
8  pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "pro se
9  litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of
10  record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

11      B.  Failure to File an Opposition

12      The Local Rules for the District of Nevada provide that failure to provide points and
13  authorities in opposition to a motion "shall constitute a consent to the granting of the motion." LR 7-
14  2(d).  The Local Rules "no less than the federal rules or acts of Congress, have the force of law."
15  Corey v. McNamara, 409 F.Supp.2d 1225, 1228 (D.Nev. 2006) (citing United States v. Hvass, 355
16  U.S. 570, 574-575 (1958)).  The Ninth Circuit has held that delay caused by failure to adhere to local
17  rules does not constitute excusable neglect. See Watson v. Schwarzenegger, 347 Fed.Appx. 282, 285
18  (9th. Cir. 2009) (no abuse of discretion where district court held that unfamiliarity with local rules
19  did not constitute excusable neglect).

20      Plaintiffs, who have engaged in repeated litigation in relation to the Property, fail to provide
21  any facts or argument offering a valid excuse for their neglect in failing to oppose the Motion for
22  Judgment on the Pleadings.  Instead, Plaintiffs beg the question of whether their neglect was
23  excusable by asserting that their "excusable neglect was that [they] failed to file the opposition on
24  time."  The Court will not reconsider its prior orders where Plaintiffs fail to offer any valid basis for
25  their neglect of the Local Rules.  See Backlund 778 F.2d 1388.  Accordingly, the Court continues to
26

view Plaintiff's failure to respond as consent to granting of the Motion for Judgment on the Pleadings and reconsideration is denied.

### C. Other Basis for Reconsideration

Plaintiffs also argue that the Court should set aside its prior Order because their late-filed Opposition to the Motion for Judgment on the Pleadings contains "facts and law ... of a strongly convincing nature."

The Opposition largely regurgitates the allegations of the complaint, without specifically responding to arguments raised in the Motion for Judgment on the Pleadings. Specifically, Plaintiffs fail to address the following arguments made by Defendants: uninvolved entities are named in the Complaint; Plaintiffs cannot recover for wrongful foreclosure because they are in default and no sale has occurred; the fraud claim is defective and inadequately pled; the quiet title claim is invalid; and the claim for declaratory relief is unfounded and cannot survive in the absence if other viable claims. Instead, Plaintiffs' Opposition merely rehashes discredited arguments attacking the validity of the MERS system, arguing that the note was split from the deed of trust when the loan was pooled, and asserting the inapplicable Uniform Commercial Code as a basis for their "show me the note" argument.

The arguments in the late-filed Opposition do not convince the Court to reconsider its prior Order. Even if the Court set aside the prior Order and considered the Opposition, it would still grant the Motion for Judgment on the pleadings because Plaintiffs' Complaint fails as a matter of law. Accordingly, reconsideration is denied.

### III. Conclusion

**IT IS HEREBY ORDERED THAT** the Motion for Reconsideration (#25) is **DENIED**.

DATED this 5th day of March 2013.

_____
Kent J. Dawson
United States District Judge

4